

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-38,789-06

### EX PARTE JEFFERY LAMONT POOL, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 59746-A*1 IN THE 30TH DISTRICT COURT
## FROM WICHITA COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of two counts of aggravated robbery and sentenced to ninety-nine years' imprisonment for each count, to run concurrently. The Seventh Court of Appeals affirmed his conviction. *Pool v. State*, No. 07-18-00358-CR (Tex. App. —Amarillo Sep. 14, 2020) (opinion on rehearing, not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his trial counsel was ineffective because counsel failed to move to quash the venire after the trial court made comments about Applicant in the presence of the venire and then had him removed from the courtroom, failed to pursue various

defenses suggested by Applicant, failed to seek out and present alibi witnesses, revealed confidential information to the prosecutor prior to trial, failed to challenge the identification of Applicant on the basis that it was the product of an improperly suggestive pre-trial identification proceeding, failed to hire defense experts to explore fingerprint and DNA evidence, failed to challenge the State's audiovisual expert and the enhanced video presented by the State, failed to object to various evidence, and failed to amend his motion to recuse the trial judge or file another motion to recuse after his first motion to recuse was denied.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: October 12, 2022
Do not publish